UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

May 16, 2018

E. Evans Wohlforth, Jr., Esq.
Debra A. Clifford, Esq.
Lauren B. Cooper, Esq.
Gibbons, P.C.
One Gateway Center
Newark, NJ 07102-5310
*Counsel for Defendant*

Daniel Nowak, Esq.
Callagy Law, P.C.
Mack-Cali Center II
650 From Road
Suite 565
Paramus, NJ 07652
*Counsel for Plaintiff*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:    Complete Foot & Ankle v. Cigna Health & Life Ins. Co.
         Civil Action No. 17-13742 (SDW) (LDW)**

Counsel:

Before this Court is Defendant Cigna Health and Life Insurance Company's ("Defendant") Motion to Dismiss Plaintiff Complete Foot and Ankle's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court having considered the parties' submissions,[1] and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, for the reasons discussed below, **GRANTS** Defendant's motion.

---

[1] Counsel for both parties, despite being experienced practitioners in this district, failed to comply with Local Civil Rules 7.1 and 7.2 when filing their submissions. Counsel are reminded that the local rules are not optional and must be adhered to in all future filings.

## BACKGROUND & PROCEDURAL HISTORY

Plaintiff, a health care provider located in Bergen County, New Jersey, alleges that "[o]n various dates of service in 2013 through 2017" it provided medical services to nine separate patients covered by a health benefit plan or plans (the "Plans") subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002, *et seq.* (Compl. ¶¶ 5-6.) Plaintiff alleges it obtained an assignment of benefits from each of those patients. (*Id.*) Plaintiff then demanded reimbursement from Defendant, the Claims Administrator for the Plans, in the amount of $1,591,450.80, of which Defendant paid $48,490.84. (*Id.* ¶¶ 8-9, 12.) Plaintiff alleges that it "exhausted the applicable administrative appeals maintained by Defendant" but Defendant denied those appeals and refused to make additional payment. (*Id.* ¶¶ 10-11.) On December 28, 2017, Plaintiff filed a two-count Complaint in this Court alleging 1) failure to make payments pursuant to the Plans, and 2) breach of fiduciary duty. (Dkt. No. 1.) Defendant filed the instant motion to dismiss on March 14, 2018, alleging Plaintiff has failed to state claims upon which relief can be granted. (Dkt. No. 10.) Plaintiff filed its opposition on May 7, 2018 and Defendant replied on May 14, 2018. (Dkt. Nos. 19, 20.)

## DISCUSSION

A.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief"). In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard).

B.

Plaintiff's Complaint fails to satisfy the requirements of Rule 8. As to the factual basis for its claims, Plaintiff's pleading does not identify the dates upon which services were rendered,[2] the

---

[2] This Court will not consider materials attached to Plaintiff's opposition papers, which do contain some dates of service. *See Cardionet, Inc. v. Medi-Lynx Cardiac Monitoring, LLC*, Civ. No. 15-8592, 2016 WL 4445749, at *3 (D.N.J. Aug. 22, 2016) (noting that a party "may not amend its pleadings through arguments or facts alleged in

2

nature of the services provided, which patient received which services, the amounts charged for each patient, the terms of the assignments of benefits executed by the patients, or the terms of the Plans under which Plaintiff seeks payment.[3] Without this information, the Complaint contains little more than an assertion that Plaintiff is owed more than it was paid for the services it provided. This is insufficient under Rule 8. *See e.g.*, *Atl. Plastic & Hand Surgery, PA v. Anthem Blue Cross Life & Health Ins. Co.*, Civ. No. 17-4600, 2018 WL 1420496, at *10-11 (D.N.J. Mar. 22, 2018) (dismissing claim where plaintiff's "threadbare allegations" did not point "to any provision of a . . . benefit plan suggesting" an entitlement to payment); *Lemoine v. Empire Blue Cross Blue Shield*, Civ. No. 16-6786, 2018 WL 1773498, at *6 (D.N.J. Apr. 12, 2018) (granting motion to dismiss, finding plaintiff "fails to plausibly plead which portions of [benefit plans] have been violated"). Therefore, Defendant's motion to dismiss will be granted.[4]

## **CONCLUSION**

Defendant's Motion to Dismiss is **GRANTED**. An appropriate order follows.

                                                ___/s/ Susan D. Wigenton_____
                                                **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
       Leda D. Wettre, U.S.M.J.

---

opposition to a motion to dismiss"). Even if this Court were to consider those exhibits, they fail to address the other deficiencies in Plaintiff's Complaint.

[3] Plaintiff alleges that Defendant has refused to provide it with a copy of the Plans and it had no choice but to file suit because Plaintiff could not determine what it was owed under the Plans' terms. (Dkt. No. 19 at 2.) This argument is unavailing. Plaintiff, as an alleged assignee, steps into the beneficiaries' shoes, who at all times had access to the Plans.

[4] Plaintiff's reliance on this Court's prior decision in *Univ. Spine Ctr. v. Anthem Blue Cross Life & Health Ins. Co.*, Civ. No. 17-8711, 2018 WL 678446, at *2 (D.N.J. Feb. 2, 2018), is misplaced. In that matter, this Court denied defendant's motion to dismiss where Plaintiff's Complaint included information regarding the procedures performed on a single patient and attached to its pleading exhibits including an operative report, an assignment of benefits, appeals documents and a letter explaining plaintiff's position as to the basis for its claim for additional reimbursement. None of that is present here.